# Morse, Appellant, *v.* Morse.

*Divorce—Adultery—Uncorroborated confession—Refusal of a decree.*

It is a rule of policy in Pennsylvania not to found a sentence of divorce on confession alone.

In an action for divorce on the ground of adultery, a decree will be refused, where the evidence consists solely of the respondent's admission of her guilt.

Matchin v. Matchin, 6 Pa. 332, followed.

Argued April 20, 1923. Appeal, No. 55, April T., 1923, by libellant, from decree of C. P. Allegheny Co., Jan. T., 1921, No. 912, refusing to grant a divorce in the case of Leslie Morse v. Lillian Morse. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel in divorce. Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to George Hadfield, Esq., as master, who recommended that a divorce be refused.

On exceptions to master's report, the court dismissed the exceptions, and refused to grant a divorce.

602, (1923).] Assignment of Error—Opinion of the Court.

*Error assigned* was the decree of the court.

*George J. Campbell* and *Raymond D. Evans,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY GAWTHROP, J., July 12, 1923:

This is an appeal from a decree refusing a divorce. The ground alleged in the libel was adultery. The evidence in support thereof consists solely of five letters, in the handwriting of the respondent, mailed from Buffalo, New York, where the respondent was living, to the libellant's mother in Pennsylvania. Two of the letters were addressed to the libellant and were forwarded by his mother to him in this State. They amount to penitent confessions of guilt of adultery, and pregnancy resulting therefrom. But there is not a word of corroboration of the letters by evidence direct or circumstantial. Since the opinion in Matchin v. Matchin, 6 Pa. 332, was written by Chief Justice GIBSON in 1847, it has been a "rule of policy" in this State "not to found a sentence of divorce on confession alone." We have given the fullest consideration to the earnest argument of the able counsel for the appellant stressing the hardship resulting to his client from the refusal of a decree of divorce in the face of the convincing character of the confessions. But until the Supreme Court changes the rule of law laid down in Matchin v. Matchin, supra, we may not sever the conjugal tie upon the uncorroborated confessions of the respondent.

All of the assignments of error are overruled, and the decree is affirmed.