## Chiaretti v. Chiaretti

*C. W. Staudenmeier*, for libellant.

PALMER, J., December 17, 1934.—In this case, the master, after the taking of testimony, filed his report and therein recommended that a decree of divorce be granted.

The ground upon which the libellant seeks the divorce is alleged in paragraph twelve of the libel, as follows:

"On March 9, 1931, respondent, Luigi Chiaretti appeared in the Court of Quarter Sessions of Schuylkill County, held at Pottsville, Pa., and plead guilty to a charge of fornication and bastardy founded on the oath of one Carrie Weaver, a true bill having been returned by the grand jury sitting for the March term of court in the County of Schuylkill, on March 2, 1931. At the time the respondent Luigi Chiaretti pleaded guilty to said true bill he was the husband of libellant and was therefore guilty of the crime of adultery with Carrie Weaver aforesaid."

Rule 103 (F) of our rules of court provides that the libel shall contain "the cause for divorce stated in the words of the act of assembly and the time and place of its occurrence."

The libellant testified that she was apprised of her husband's infidelity by newspaper reports. Mrs. Helen Tinari, sister of the libellant, testified that she had forwarded these newspaper reports to the libellant. Mrs. Emma Balliett, mother of Carrie Weaver, the alleged co-respondent, testified that the said Carrie Weaver had told her that Luigi Chiaretti was the father of the child which had been born to her daughter; that when the witness inquired of the respondent concerning her daughter's plight, he informed her that he could do nothing about it as he was married; that some time prior to this declaration the respondent had asked the witness to permit the daughter, Carrie Weaver, to clean his house, and that she had told her daughter that she thought it was all right to do so. The indictment charging the respondent with fornication and bastardy, together with the record of a plea of "guilty", was offered and admitted in evidence. The above was the only testimony introduced which was relevant to the allegations contained in the said paragraph twelve.

Testimony was introduced to show that the respondent

had physically abused the libellant, but neither cruel and barbarous treatment nor indignities to the person was alleged in the libel, and such testimony therefore was immaterial.

There was no competent evidence in this case that Carrie Weaver had ever visited the lodgings of the respondent. There was presented the mere fact that the respondent had asked the mother of the corespondent to permit the daughter to clean his house.

There is not a word of corroboration of the confessions made by the respondent which is competent, direct or circumstantial.

"Since the opinion in Matchin v. Matchin, 6 Pa. 332, . . . it has been a 'rule of policy' in this State 'not to found a sentence of divorce on confession alone' ": Morse v. Morse, 81 Pa. Superior Ct. 602, 603.

The fact that one of the confessions of the respondent was a judicial one made in another proceeding does not affect the rule.

And now, December 17, 1934, the libel is dismissed at the cost of the libellant, but without prejudice.